UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERICA FEBRIANTI,<br><br>                                  Plaintiff,<br><br>-against-<br><br>NYC HEALTH AND HOSPITALS,<br><br>                                  Defendant. | Case No. 1:23-cv-06175 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

On November 6, 2024, the Court stated that it would construe Plaintiff's October 28, 2024 letter as a motion to amend her complaint to add additional allegations pertaining to her retaliation claim. Dkt. 49. Defendant's opposition, if any, to Plaintiff's motion to amend her Complaint was due November 11, 2024. *Id.* To date, Defendant has not filed any opposition. The Court thereby considers Plaintiff's motion to amend unopposed.

Rule 15(a)(2) provides that leave to amend shall be "freely" given when "justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2)'s "permissive standard is consistent with the [Second Circuit's] 'strong preference for resolving disputes on the merits.'" *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-213 (2d Cir. 2011) (per curiam) (quotation omitted). "Pro se plaintiffs, especially in civil rights suits, are freely granted leave to amend their original complaint." *Augustus v. MSG Metro Channel*, 217 F. Supp. 2d 458, 464 (S.D.N.Y. 2002) (citation and quotation marks omitted). However, "it is within the sound discretion of the district court" to deny leave to amend "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019) (quoting *Kim v. Kimm*, 844 F.3d 98, 105 (2d Cir. 2018)).

The Court cannot, at this stage and without any opposition, hold that there is such a reason to deny the proposed amendment. Plaintiff seeks to add further allegations pertaining

to her inability to file an eviction complaint with the New York City Police Department ("NYPD") and her subsequent eviction from the Department of Homeless Services ("DHS") shelter. Dkt. 48. While the relevance of these allegations to her complaint against the NYC Health and Hospitals appears questionable, the merits of her claims can be further evaluated at later motion practice, if any. *See Envtl. Sols. Assocs. Grp., LLC v. Conopoco Inc.*, No. 20-cv-10699 (MKV), 2021 WL 2075586, at *2 (S.D.N.Y. May 24 ,2021) ("[T]he Court may decline to engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss") (citation omitted). The case is still in a relatively early posture, with the parties proceeding through discovery. The Court does not find that Plaintiff's failure to assert these allegations up to this point constitutes undue delay, given that the underlying events only occurred after the filing of her original complaint. *See, e.g., Augustus v. MSG Metro Channel*, 217 F. Supp. 2d 458, 464 (S.D.N.Y. 2002) ("[A]mendment is meant to enable a party to assert matters that were overlooked or unknown at the time of the original complaint.") (citation and punctuation omitted). In terms of prejudice to Defendant, Defendant does not object to the amendment.

For these reasons, the Court grants Plaintiff's motion to amend her Complaint to incorporate additional allegations pertaining to her retaliation claim, as set forth in Plaintiff's October 28, 2024 letter. Dkt. 48.

Dated: November 14, 2024
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge

2