```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/15/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Erica Febrianti,

                                Plaintiff,

                -against-

NYC Health & Hospitals,

                                Defendant.

1:23-cv-06175 (JLR) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

       The Court is in receipt of Plaintiff's Letters dated January 10, 2025 and filed on the ECF docket on January 14, 2025. (*See* Pl.'s 1/10/25 Letter re: Conference, ECF No. 68; Pl.'s 1/10/25 Letter re: Magistrate Judge Consent, ECF No. 69.) Plaintiff's first letter indicates that she has changed her mind about adding the New York City Police Department ("NYPD") as a defendant in this action and would now like to proceed with her Amended Complaint. (Pl.'s 1/10/25 Letter re: Conference at PDF p. 1; *see also* 1/10/25 Order, ECF No. 64 (setting forth Plaintiff's prior position).) Accordingly, it is hereby ORDERED that Plaintiff's Amended Complaint (Am. Compl., ECF No. 65) is reinstated.[1] The Court separately shall enter an appropriate Order of Service to allow Plaintiff to effect service on the newly added defendant through the U.S. Marshals Service. In the interim, it is further ORDERED that the deadline for Defendant NYC Health & Hospitals to respond to the Amended Complaint and the discovery deadlines set forth in the Court's January 10, 2025 Order (ECF No. 64), including the deadline for the completion of fact discovery, are

---

[1] ECF No. 65 was filed to the ECF docket as Plaintiff's "Amended Complaint." ECF No. 67 later was filed to the ECF docket and also is named as "Amended Complaint." However, because ECF No. 65 is more complete than ECF No. 67, ECF No. 65 shall be the operative pleading.

adjourned *sine die*. The Court will set a new schedule once the newly added defendant has been served and has appeared in the case.

Plaintiff's second letter raises several other issues that warrant comment and/or clarification by the Court. First, Plaintiff indicates that she does not consent to having discovery proceed before the undersigned. (Pl.'s 1/10/25 Letter re: Magistrate Judge Consent at PDF p. 1, 2.) However, "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." 28 U.S.C. § 636(b)(1)(A). In addition, a judge may designate a Magistrate Judge to submit "proposed findings of fact and recommendations" regarding dispositive motions. 28 U.S.C. § 636(b)(1)(B). "Consent of the parties is not required for referrals pursuant to 28 U.S.C. § 636(b)(1)(A), or § 636(b)(1)(B)." *Alexander v. Priv. Protective Servs., Inc.*, No. 19-CV-10004 (JPO) (SDA), 2023 WL 2596913, at *1 (S.D.N.Y. Mar. 22, 2023) (cleaned up).

Second, to the extent the Court's statements may have been misconstrued, the Court did not mean to suggest to Plaintiff that she is prohibited from filing a motion for summary judgment in this action at the appropriate time.[2] Both Plaintiff and Defendants may file motions in accordance with the Federal Rules of Civil Procedure and the Court's rules.

---

[2] Judge Aaron had intended to convey the heavier burden a party with the burden of proof, like Plaintiff, has in prevailing on a motion for summary judgment, *see S. Snow Mfg. Co. v. Snow Wizard Holdings, Inc.*, 829 F. Supp. 2d 437, 447 (E.D. La. 2011) ("[W]here Plaintiffs seek summary judgment on claims on which they bear the burden of proof at trial, the burden is understandably heavier because Plaintiffs must show the absence of a genuine issue of material fact as to each element of the claims for which they seek

Third, Plaintiff expresses concerns with off the record conversations during the January 10, 2025 conference. (Pl.'s 1/10/25 Letter re: Magistrate Judge Consent at PDF p. 2.) However, although a portion of the conference was off the record for purposes of discussing settlement,[3] the remainder of the conference was recorded, as the Court indicated during the conference, and therefore was on the record despite the absence of a court reporter.

**SO ORDERED.**

Dated:    New York, New York
          January 15, 2025

_____
STEWART D. AARON
United States Magistrate Judge

---

summary judgment." (citation omitted)), as opposed to prevailing at trial. *See Cellco P'ship v. City of Rochester*, 719 F. Supp. 3d 256, 264-65 (W.D.N.Y. 2024) (at trial, plaintiff bears burden of proving elements of claim by "preponderance of the evidence" meaning "to prove that the fact is more likely true than not true"). Plaintiff also should note District Judge Rochon's Individual Rule which provides that "[s]ummary-judgment motions are discouraged in non-jury cases[,]" like this case. (*See* Judge Rochon Individual Rule of Practice 3.I.ii.) Plaintiff is encouraged to contact the Pro Se Clinic regarding the filing of any summary judgment motion. (*See* 1/13/25 Order, ECF No. 66.)

[3] As set forth in the Court's Settlement Conference Procedures, "[a]ll settlement conferences are 'off the record'" and "all communications relating to settlement are strictly confidential and may not be used for any purpose other than settlement." Settlements Conference Procedures for Magistrate Judge Stewart D. Aaron, available at https://nysd.uscourts.gov/hon-stewart-d-aaron.