UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERICA FEBRIANTI,

                    Plaintiff,

-against-

NYC HEALTH & HOSPITALS, et al.,

                    Defendants.

Case No. 1:23-cv-06175 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

    Plaintiff Erica Febrianti brings this *pro se* action under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and the New York State and City Human Rights Laws alleging discrimination on the basis of her religion, sex, and age. Dkt. 65 ("Am. Compl."). By Order dated July 19, 2023, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). Dkt. 3. Plaintiff filed an Amended Complaint on January 6, 2025, adding the New York City Police Department ("NYPD") as a defendant in this action. Am. Compl.

**STANDARD OF REVIEW**

    The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court also must dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

1

**DISCUSSION**

**I.      Plaintiff's Claims Against The NYPD**

The New York City Charter provides that "all actions and proceedings for the recovery of penalties for violation of any law shall be brought in the name of the city of New York and not that of any agency except where otherwise provided by law." N.Y. City Charter ch. 17, § 396. The NYPD is an organizational subdivision of the City of New York, and as such, "lacks independent legal existence and is therefore not a suable entity." *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007). Accordingly, the Court must dismiss Plaintiff's claims against the NYPD. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). However, in light of Plaintiff's *pro se* status, the Court construes the Amended Complaint as asserting claims against the City of New York and directs the Clerk of Court to amend the caption of this action to replace the NYPD with the City of New York. *See* Fed. R. Civ. P. 21; *see also Shaheed v. NYPD*, No. 24-CV-07079 (VEC), 2024 WL 4827726, at *1 (S.D.N.Y. Nov. 19, 2024); *Smalls v. 24th Precinct*, No. 22-CV-03205 (GHW), 2022 WL 1186250, at *1 (S.D.N.Y. Apr. 20, 2022). This amendment is without prejudice to any defenses the City of New York may wish to assert.

**II.     Service On The City Of New York**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process ... in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant City of New York through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for the City of New York. The Clerk of Court is

further instructed to issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon the City of New York.

If the Amended Complaint is not served within 90 days after the date the summons issues, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service). Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## **CONCLUSION**

The Court dismisses Plaintiff's claims against the NYPD. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to add the City of New York as a Defendant under Federal Rule of Civil Procedure 21.

The Clerk of Court shall further issue a summons and deliver to the Marshals Service all of the necessary paperwork—including the Amended Complaint (ECF No. 65)—for the Marshals Service to effect service on the City of New York.

Dated: January 17, 2025
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge