```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/21/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Erica Febrianti,

                      Plaintiff,

-against-

NYC Health & Hospitals, et al.,

                      Defendants.

1:23-cv-06175 (JLR) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a request by Plaintiff Erica Febrianti ("Plaintiff") to recuse the undersigned from this case. (Pl.'s 1/16/25 Ltr., ECF No. 71.) For the reasons set forth below, Plaintiff's request is DENIED.[1]

## BACKGROUND

On May 23, 2024, this case initially was referred to the undersigned for settlement purposes only. (5/23/24 Order of Ref., ECF No. 30.) On July 2, 2024, the undersigned held an in-person settlement conference with Plaintiff and defense counsel, Rodalton J. Poole ("Attorney Poole"), but no settlement was reached. (See 5/29/24 Order Scheduling Settl. Conf., ECF No. 32; 7/2/24 Minute Entry.)

On January 2, 2025, an Amended Order of Reference was entered referring this case to the undersigned for general pretrial purposes (including scheduling, discovery, non-dispositive pretrial motions and settlement), as well as dispositive motions requiring a report and

---

[1] Motions to recuse are non-dispositive. *Adams v. Co-Op City Dep't of Pub. Safety*, No. 21-CV-02675 (DEH) (BCM), 2024 WL 3459248, at *2 n.20 (S.D.N.Y. July 18, 2024). Accordingly, the undersigned decides this motion via an Opinion and Order rather than a Report and Recommendation.

recommendation. (1/2/25 Am. Order of Ref., ECF No. 61.) On January 10, 2025, an in-person conference was held, at which Plaintiff and Attorney Poole appeared. (*See* 1/10/25 Order, ECF No. 64.) During the conference, Plaintiff indicated that she had submitted an amended pleading adding the New York Police Department ("NYPD") as a defendant based on incidents occurring in 2024 (although the amended pleading had not yet appeared on the ECF docket). (1/10/25 Order at 1 & n.1.) Plaintiff further indicated that, in order to proceed expeditiously with her case against the defendant named in her initial Complaint, *i.e.*, NYC Health & Hospitals ("NYCHH"), she no longer intended to pursue her (unrelated) claims against the NYPD in this action and, instead, would file a separate lawsuit. (*Id*. at 1.) At the end of the January 10 conference, the Court held an off-the-record settlement conference to discuss with Plaintiff and Attorney Poole a possible consensual resolution of this action. (*See* 1/15/25 Order, ECF No. 70, at 3.)

On January 13, 2025, Plaintiff's Amended Complaint was filed to the ECF docket. (*See* Am. Compl., ECF No. 67.) By Order dated January 13, 2025, the Amended Complaint was stricken from the docket based upon her representation at the January 10 conference that she did not intend to pursue claims against the NYPD in this action. (1/13/25 Order, ECF No. 66.)

On January 14, 2025, two letters from Plaintiff (both dated January 10, 2025) were filed to the ECF docket. (*See* Pl.'s 1/10/25 Letter re: Conference, ECF No. 68; Pl.'s 1/10/25 Letter re: Magistrate Judge Consent, ECF No. 69.) Plaintiff's first letter indicated that she had changed her mind about adding the NYPD as a defendant in this action and that she wanted to proceed with her Amended Complaint. (Pl.'s 1/10/25 Letter re: Conference at PDF p. 1.) Thus, by Order dated January 15, 2025, Plaintiff's Amended Complaint was reinstated. (1/15/25 Order at 1.)

2

In her second January 10 letter that was filed on January 14, Plaintiff indicated that she did not consent to having discovery proceed before the undersigned. (Pl.'s 1/10/25 Letter re: Magistrate Judge Consent at PDF p. 1, 2.) In the Order issued on January 15, 2025, the undersigned explained that a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court and that a judge may designate a magistrate judge to submit proposed findings of fact and recommendations regarding dispositive motions. (*See* 1/15/25 Order at 2 (citing 28 U.S.C. § 636(b)(1)(A) & 28 U.S.C. § 636(b)(1)(B)). The undersigned further explained that "[c]onsent of the parties [was] not required for referrals pursuant to 28 U.S.C. § 636(b)(1)(A), or § 636(b)(1)(B)." (*Id*. (quoting *Alexander v. Priv. Protective Servs., Inc.*, No. 19-CV-10004 (JPO) (SDA), 2023 WL 2596913, at *1 (S.D.N.Y. Mar. 22, 2023)).[2]

On January 17, 2025, a letter from Plaintiff, dated January 16, 2025, was filed to the ECF docket, in which Plaintiff once again indicated that she did not consent to having discovery proceed before the undersigned and then requested recusal of the undersigned,[3] which request now is before the Court. (Pl.'s 1/16/25 Ltr. at PDF p. 1.) In her 17-page submission, Plaintiff asserts, among other things, that the undersigned told her that her case was "worthless" and that the undersigned "ridiculed and belittled [Plaintiff's] testimony of [her] faith and [her] religion[.]" (*Id*. at PDF pp. 1, 3, 10.)

---

[2] In addition, in her second January 10 letter that was filed on January 14, Plaintiff expressed concerns with off the record conversations during the January 10 conference. (Pl.'s 1/10/25 Letter re: Magistrate Judge Consent at PDF p. 2.) In the Order issued on January 15, 2025, the undersigned explained that, although a portion of the conference was off the record for purposes of discussing settlement, the remainder of the conference was recorded, as the Court indicated during the conference, and therefore was on the record despite the absence of a court reporter. (1/15/25 Order at 3.)

[3] Specifically, Plaintiff stated: "Request for motion for the court to RECUSAL Judge Aaron from my case . . .." (Pl.'s 1/16/25 Ltr. at 1.)

3

## LEGAL STANDARDS

Section 455(a) requires that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "[T]he test for whether an appearance of partiality exists 'is an objective one based on what a reasonable person knowing all the facts would conclude.'" *Litovich v. Bank of Am. Corp.*, 106 F.4th 218, 224 (2d Cir. 2024) (quoting *Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 343 F.3d 120, 127 (2d Cir. 2003)). "[R]ecusal is warranted if 'an objective, disinterested observer fully informed of the underlying facts [would] entertain significant doubt that justice would be done absent recusal.'" *Hayes v. ASCAP*, No. 24-CV-01883 (LTS), 2024 WL 4215765, at *2 (S.D.N.Y. Sept. 16, 2024) (quoting *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003)) (cleaned up).

Section 455(a) has been described as a "catchall recusal provision," *Litovich*, 106 F.4th at 224 (citation omitted), that "complements § 455(b), which addresses the problem of actual bias by mandating recusal in certain specific circumstances where partiality is presumed." *United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000); *see* 28 U.S.C. § 455(b). "Unlike section 455(b), which enumerates specific circumstances constituting actual conflicts of interest, the purpose of section 455(a) is 'to promote confidence in the judiciary by avoiding even the *appearance* of impropriety whenever possible.'" *Hardy v. United States*, 878 F.2d 94, 96 (2d Cir. 1989) (emphasis in original) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988)); *see Litovich*, 106 F.4th at 224.

"'The [Second Circuit] has cautioned that . . . the grounds asserted in a recusal motion must be scrutinized with care, and judges should not recuse themselves solely because a party

4

claims an appearance of partiality.'" *Sun v. Mo*, No. 24-CV-03630 (KPF), 2024 WL 4252580, at *2 (S.D.N.Y. Sept. 19, 2024) (quoting *Barnett v. United States*, No. 11-CV-02376 (LAP), 2012 WL 1003594, at *1 (S.D.N.Y. Mar. 26, 2012)). Importantly, "where the standards governing disqualification are not met, 'disqualification is not optional; rather, it is prohibited.'" *Id*. (emphasis in original) (quoting *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001)).

## **ANALYSIS**

Applying the relevant legal standards, the undersigned finds no basis to recuse himself from this action. There was nothing untoward with the Court holding an off-the-record settlement conference with the parties on January 10, 2025. One of the purposes for which this action was referred to the undersigned was settlement. (*See* Am. Order of Ref.) The undersigned's Settlement Conference Procedures informs the parties that "[a]ll settlement conferences are 'off the record'" and that "all communications relating to settlement are strictly confidential and may not be used for any purpose other than settlement." Settlement Conference Procedures for Magistrate Judge Stewart D. Aaron, available at https://nysd.uscourts.gov/hon-stewart-d-aaron. Settlement conferences are held off the record so that the parties and the Court can freely discuss the strengths and weaknesses of the parties' respective cases without fear that the ultimate factfinder (here, in this nonjury case, District Judge Rochon) somehow might be influenced by such discussions.

The central tenet of Plaintiff's case against the NYCHH is that the NYCHH discriminated against her based upon her Islamic faith. (Compl., ECF No. 1, at PDF p. 8 ("On 04/09/2022 I was discharged because of my religious belief."); Am. Compl., ECF No. 65, at PDF pp. 109-10 (indicating that Plaintiff left her post on April 9, 2022 to pray).) Based upon the contents of

Plaintiff's January 17 letter, it appears that Plaintiff construed the undersigned's remarks about the weaknesses of her case as disparaging of her Islamic faith, which they were not. The undersigned has great respect for the Islamic faith and those who practice it. Even if the undersigned's comments gave Plaintiff the impression that the undersigned has a negative view of Plaintiff's case, judicial remarks "that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Patterson v. Santini*, No. 11-CV-01899 (RM) (KLM), 2016 WL 363783, at *3 (D. Colo. Jan. 29, 2016) (concluding magistrate judge's statements during settlement negotiations were "well within her authority when acting in her capacity as mediator" and "not sufficient grounds upon which to recuse," even if her comments could be characterized "as giving the impression that she [took] a negative view" of plaintiff's case).

The undersigned believes that he can fairly and impartially handle the matters referred to him by District Judge Rochon and thus declines to recuse himself.

## CONCLUSION

For the foregoing reasons, Plaintiff's request for recusal is DENIED.

**SO ORDERED.**

Dated:   New York, New York
         January 21, 2025

_____
STEWART D. AARON
United States Magistrate Judge

6