UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ERICA FEBRIANTI,

                              Plaintiff,

              -against-

NYC HEALTH & HOSPITALS, et al.,

                              Defendants

Case No. 1:23-cv-06175 (JLR)

**OPINION AND ORDER**

---

JENNIFER L. ROCHON, United States District Judge:

On January 16, 2025, Plaintiff Erica Febrianti moved to recuse Magistrate Judge Aaron from this case. Dkt. 71. On January 21, 2025, Magistrate Judge Aaron issued an order denying Plaintiff's request for recusal upon determining that he could fairly and impartially handle the matters referred to him by this Court. Dkt. 75. On January 22, 2025, Febrianti filed a letter with this Court which this Court shall construe as objections to Magistrate Judge Aaron's Order and Opinion denying Febrianti's motion for recusal. Dkt. 79.

For the reasons set forth below, this Court overrules Febrianti's objections to Magistrate Judge Aaron's Opinion and Order denying Febrianti's motion to recuse.

## BACKGROUND

The Court refers the parties to Magistrate Judge Aaron's Opinion and Order dated January 21, 2025 for a more comprehensive overview of the procedural background in this case. *See* Dkt. 75 at 1-3. A brief recounting is provided below.

On January 2, 2025, an Amended Order of Reference was entered referring this case to Magistrate Judge Aaron for general pretrial purposes (including scheduling, discovery, non-dispositive pretrial motions and settlement), as well as dispositive motions requiring a report and recommendation. Dkt. 61. On January 10, 2025, an in-person conference was held at which Plaintiff and defense counsel, Rodalton J. Poole ("Attorney Poole") appeared. *See* Dkt.

1

64.  At the end of the conference, Magistrate Judge Aaron held an off-the-record settlement conference to discuss with Plaintiff and Attorney Poole a possible resolution of this action. *See* Dkt. 70 at 3.

On January 16, 2025, Plaintiff filed a fifteen-page letter, at times difficult to decipher, covering various aspects of her case.  Dkt. 71. In relevant part, Febrianti stated that she did not consent to a Magistrate Judge overseeing discovery and asked that Magistrate Judge Aaron be recused from her case.  Dkt. 71 at 1.  She alleges that Magistrate Judge Aaron "ridiculed" her religion during the off-the-record settlement conference and "encouraged the defense counsel . . . not to admit or to lie by not admitting the case and keep telling me my case is worthless[.]" Dkt. 71 at 2.  On January 21, 2025, Magistrate Judge Aaron entered an Opinion and Order that reminded Plaintiff that consent of the parties is not required for referrals pursuant to 18 U.S.C. § 636(b)(1)(A) and denied Febrianti's motion to recuse.  *See generally* Dkt. 75.  Magistrate Judge Aaron's Order underscored that he has "great respect for the Islamic faith and those who practice it," and that even if his comments "gave Plaintiff the impression that [he] ha[d] a negative view of Plaintiff's case, judicial remarks 'that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.'"  Dkt. 75 at 6 (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Plaintiff has now filed a letter with this Court that will be construed as an objection to Magistrate Judge Aaron's Order.  Dkt. 79.

## DISCUSSION

A motion to recuse is non-dispositive.  *Rouviere v. DePuy Orthopaedics, Inc*., No. 18-cv-04814 (GHW) (GS), 2024 WL 5088077, at *1 n.1 (S.D.N.Y. Dec. 12, 2024); *accord Adams v. Co-Op City Dep't of Pub. Safety*, No. 21-cv-02675 (DEH) (BCM), 2024 WL 3459248, at *2 n.20 (S.D.N.Y. July 18, 2024).  "When a party submits objections to a

magistrate judge's non-dispositive order, the district court must review the objections and 'modify or set aside any part of the order that is clearly erroneous or is contrary to law.'" *Trustees of Nat. Retirement Fund. v. Wildwood Corp*., No. 11-cv-06287 (NSR) (LMS), 2014 WL 1918080, at *1 (S.D.N.Y. May 12, 2014) (citing Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A)).  A decision is clearly erroneous where "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Gualandi v. Adams*, 385 F.3d 236, 240 (2d Cir. 2004) (citing *United States v. U.S. Gypsum Co*., 333 U.S. 364, 395 (1948)).  "A magistrate judge's ruling is contrary to law if it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'"  *Trustees of Nat. Retirement Fund v. Wildwood Corp*., No. 11-cv-06287 (NSR) (LMS), 2014 WL 1918080, at *1 (S.D.N.Y. May 12, 2014) (alteration adopted) (quoting *Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Dem. Republic*, 924 F. Supp. 2d 508, 511-12 (S.D.N.Y. 2013)).  "Under this highly deferential standard of review, magistrates are afforded broad discretion in resolving [nondispositive] disputes and reversal is appropriate only if their discretion is abused."  *AMBAC Fin. Servs., L.L.C. v. Bay Area Toll Auth*., No. 09-cv-07062, 2010 WL 4892678, at *2 (S.D.N.Y. Nov. 30, 2010) (alteration adopted).

Section 455(a) requires that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 445(a).  In assessing whether a judge must recuse himself, the Court asks "whether 'a reasonable person, knowing of all the facts, would conclude that the trial judge's impartiality could reasonably be questioned.'"  *United States v. Barreras*, 494 F. App'x 115, 118 (2d Cir. 2012) (alteration adopted) (citing *United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000)).   The Second Circuit has advised that "the grounds asserted in a recusal motion must be scrutinized with care, and judges should not recuse themselves solely

because a party claims an appearance of partiality." *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001); *accord Sun v. Mo*, No. 24-cv-03630 (KPF), 2024 WL 4252580, at *2 (S.D.N.Y. Sept. 19, 2024).

The Court reviews Magistrate Judge Aaron's Opinion and Order denying Plaintiff's motion to recuse for clear error. In her objection to Magistrate Judge Aaron's Opinion and Order, Plaintiff continues to request that Magistrate Judge Aaron be recused, stating "Allah first not Judge Aaron first and it will be sin for me to sit in his court room." Dkt. 79 at 3. The Court finds that Magistrate Judge Aaron identified the correct legal standard for recusal, and that his application of that standard was not clearly erroneous. Magistrate Judge Aaron set forth an appropriate basis for denying Plaintiff's motion and even if he was critical of Plaintiff's case while facilitating settlement discussions, such negative comments, if any occurred, are not sufficient to support a bias or partiality challenge. *See Liteky*, 510 U.S. at 555. In sum, Plaintiff has not presented sufficient facts or circumstances that indicate that Magistrate Judge Aaron's impartiality could reasonably be questioned or that his denial of her motion for recusal was clearly erroneous.

## CONCLUSION

For the foregoing reasons, the Court overrules Febrianti's objections to Magistrate Judge Aaron's January 21, 2025 Opinion and Order denying Febrianti's motion to recuse himself from this action.

Dated: January 24, 2025
       New York, New York

SO ORDERED.

*Jennifer Rochon*

JENNIFER L. ROCHON
United States District Judge