UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

ERICA FEBRIANTI,

                                  Plaintiff,

- against -

NYC HEALTH + HOSPITALS
CITY OF NEW YORK

                                  Defendants.

**ANSWER TO THE AMENDED COMPLAINT**

No. 23-CV-6175 (JLR)(SDA)

------------------------------------------------------------------------ X

        Defendants the New York City Health and Hospitals Corporation d/b/a NYC Health + Hospitals ("H+H") and the City of New York, by their attorney, Muriel Goode-Trufant, Corporation Counsel of the City of New York, for their Answer to the Amended Complaint, filed January 19, 2025, ECF No. 77, respectfully allege as follows:

        **a. Answer to the allegations set forth in the form titled "Employment Discrimination Complaint," pages 1 through 6[1]:**

        Deny the allegations set forth in Part I ("Parties") of the Amended Complaint except deny knowledge or information sufficient to form a belief as to Plaintiff's address, phone number, and email address.

        Deny the allegations set forth in Part II ("Place of Employment") of the Amended Complaint, except admit that Plaintiff was formerly employed by H+H at its NYC Health + Hospitals/Metropolitan ("Metropolitan") acute care facility.

---

[1] Page number references herein correspond to the ECF stamp page number. For the sake of clarity and the Court's convenience, Defendants have hand-written paragraph numbers into the Amended Complaint at pages 7 through 11 and 19 through 29. The hand-numbered Amended Complaint is attached hereto as <u>Exhibit A</u>.

Deny the allegations set forth in Part III ("Cause of Action") of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning how Plaintiff self-identifies as to race, color, religion, sex, and purported disability status or her year of birth, and admit that Plaintiff purports to proceed as set forth therein.

Deny the allegations set forth in Parts IV(A) and IV(B) ("Statement of Claim") on ECF pages 5 and 6 of the Amended Complaint, except admit that Plaintiff purports to proceed as set forth therein.

**b.  Answer to the allegations set forth in pages 7 through 11:**

1.  Deny the allegations set forth in paragraph 1 of the Amended Complaint, except admit that Plaintiff purports to proceed as set forth therein.

2.  Deny the allegations set forth in paragraph 2 of the Amended Complaint, except admit that on October 18, 2021 a Hospital Police Statement form and was submitted concerning Plaintiff's conduct and, at the time, Plaintiff was assigned to post 4 in the main lobby, and respectfully refer the Court to the cited document for a complete and accurate statement of its contents, and deny knowledge of information sufficient to form a belief as to the allegations concerning Plaintiff's purported medical condition.

3.  Deny the allegations set forth in paragraph 3 of the Amended Complaint, except admit that Plaintiff was a Special Officer at Metropolitan and that as part of her job she was assigned to certain posts throughout the hospital and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's purported medical condition.

4.  Deny the allegations set forth in paragraph 4 of the Amended Complaint, except admit that Plaintiff was a Special Officer at Metropolitan and that as part of her job she was assigned to certain posts throughout the hospital.

5. Deny the allegations set forth in paragraph 5 of the Amended Complaint, except admit that Plaintiff never requested a bathroom break accommodation from H+H Office of EEO, and deny knowledge or information sufficient to form a belief as to Plaintiff's allegations as to why Plaintiff never requested a bathroom break accommodation from H+H's Office of EEO. Defendants note that Plaintiff purports to reference "Exhibit A," "Exhibit B," "Exhibit C," "Exhibit G," and "Exhibit N-2" which do not appear to be annexed to the Amended Complaint.

6. Deny the allegations set forth in paragraph 6 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's purported religious beliefs.

7. Deny the allegations set forth in paragraph 7 of the Amended Complaint.

8. Deny the allegations set forth in paragraph 8 of the Amended Complaint, except admit that H+H submitted a Position Statement submitted to the U.S. Equal Employment Opportunity Commission ("EEOC"), dated October 14, 2022, in response to EEOC Charge No. 520-2022-04761 and respectfully refer the Court to the cited document for a complete and accurate recitation of its contents. Defendants note that Plaintiff purports to reference "Exhibit Hadith" and "Exhibit V" which do not appear to be annexed to the Amended Complaint.

9. Deny the allegations set forth in paragraph 9 of the Amended Complaint.

10. Deny the allegations set forth in paragraph 10 of the Amended Complaint, except admit that Plaintiff sent an emails to Captain Melendez on February 25, 2022, March 28, and April 7, 2022, and deny knowledge or information sufficient to form a belief as to whether Plaintiff was supposed to receive a letter in the mail. Defendants note that Plaintiff purports to reference "Exhibits L-2," "Exhibit A," "Exhibit B," "Exhibit C," "Exhibit G," "Exhibit N-e," and "Exhibit F" which do not appear to be annexed to the Amended Complaint.

11. Deny the allegations set forth in paragraph 11 of the Amended Complaint, except deny knowledge or information as to whether Plaintiff underwent a psychological evaluation and for whom. Defendants note that Plaintiff purports to reference an "Exhibit R" which does not appear to be annexed to the Amended Complaint.

12. Deny the allegations set forth in paragraph 12 of the Amended Complaint, except admit that Plaintiff was separated from her probationary employment at H+H in April 2022. Defendants note that Plaintiff purports to reference an "Exhibit N-2" which does not appear to be annexed to the Amended Complaint.

13. Deny the allegations set forth in paragraph 13 of the Amended Complaint, except admit that that Plaintiff sent an email to H+H personnel on April 7, 2022 and respectfully refer the Court to the cited email for a complete and accurate statement of its contents. Defendants note that Plaintiff purports to reference an "Exhibit F" which does not appear to be annexed to the Amended Complaint.

14. Deny the allegations set forth in paragraph 14 of the Amended Complaint.

15. Deny the allegations set forth in paragraph 15 of the Amended Complaint, except admit that Plaintiff was separated from her probationary employment at H+H in April 2022. Defendants note that Plaintiff purports to reference an "Exhibit L-3," and Exhibit F which do not appear to be annexed to the Amended Complaint.

16. Deny the allegations set forth in paragraph 16 of the Amended Complaint, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning when Plaintiff purports to have received a letter regarding the termination of her employment. Defendants note that Plaintiff purports to reference "Exhibit L-3" and "Exhibit L-4" which do not appear to be annexed to the Amended Complaint.

17. Deny the allegations set forth in paragraph 17 of the Amended Complaint.

18. Deny the allegations set forth in paragraph 18 of the Amended Complaint.

19. Deny the allegations set forth in paragraph 19 of the Amended Complaint, except admit that H+H was under the New York State healthcare workers vaccine mandate and that as a result, all staff had to be vaccinated against COVID-10 and submit proof of vaccination, if vaccinated outside of H+H to H+H's Occupational Health Services ("OHS"). Defendants note that Plaintiff purports to reference an "Exhibit I" which does not appear to be annexed to the Amended Complaint.

20. Deny the allegations set forth in paragraph 20 of the Amended Complaint, except admit that Plaintiff received "Unsatisfactory" performance evaluations and respectfully refer the Court to the cited performance evaluations for a complete and accurate statement of their contents. Defendants note that Plaintiff purports to reference "Exhibit Q," "Exhibit T," and "Exhibit C-10" which do not appear to be annexed to the Amended Complaint.

21. Deny the allegations set forth in paragraph 21 of the Amended Complaint, except admit that that H+H's System Operating Procedure OP 20-19 contains information concerning pre-placement health assessments, and respectfully refer the Court to the cited document for a complete and accurate statement of its contents. .

22. Deny the allegations set forth in paragraph 22 of the Amended Complaint, except admit that H+H's System Operating Procedure OP 20-19 contains information concerning pre-placement health assessments, and respectfully refer the Court to the cited document for a complete and accurate statement of its contents , and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's purported pregnancy.

23. Deny the allegations set forth in paragraph 23 of the Amended Complaint.

24. Deny the allegations set forth in paragraph 24 of the Amended Complaint. Defendants note that Plaintiff purports to reference an "Exhibit N-5" which does not appear to be annexed to the Amended Complaint.

25. Deny the allegations set forth in paragraph 25 of the Amended Complaint.

26. Deny the allegations set forth in paragraph 26 of the Amended Complaint, except admit that H+H submitted a Position Statement submitted to the U.S. Equal Employment Opportunity Commission ("EEOC"), dated October 14, 2022, in response to EEOC Charge No. 520-2022-04761 and respectfully refer the Court to the cited document for a complete and accurate recitation of its contents.

27. Deny the allegations set forth in paragraph 27 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff's beliefs.

28. Deny the allegations set forth in paragraph 28 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's purported miscarriage.

29. Deny the allegations set forth in paragraph 29 of the Amended Complaint.

c. **Answer to the allegations set forth in pages 12 through 18:**

Pages 12 through 18 of the Amended Complaint appear to be Plaintiff's July 28, 2022 Charge of Discrimination she filed with the United States Equal Employment Opportunity Commission ("EEOC"), EEOC Charge No. 520-2022-04761. Defendants deny the allegations set forth therein, and respectfully refer the Court to H+H's October 14, 2022 position statement submitted in response to EEOC Charge No. 520-2022-04761, for a complete and accurate statement of H+H's response to Plaintiff's allegations.

d. **Answer to the allegations set forth in pages 19 through 29:**

30. Deny the allegations set forth in paragraph 30 of the Amended Complaint.

31. Deny the allegations set forth in paragraph 31 of the Amended Complaint, except admit that Plaintiff and Defendant H+H's counsel discussed the proposed scheduling order for this case during a phone call on or about September 19, 2024, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's purported complaints to the "Department Human rights" and "Department Homeless Shelter."

32. Deny the allegations set forth in paragraph 32 of the Amended Complaint.

33. Deny the allegations set forth in paragraph 33 of the Amended Complaint.

34. Deny the allegations set forth in paragraph 34 of the Amended Complaint.

35. Deny the allegations set forth in paragraph 35 of the Amended Complaint, except admit that the New York City Police Department is an agency of the City of New York.

36. Deny the allegations set forth in paragraph 36 of the Amended Complaint.

37. Deny the allegations set forth in paragraph 37 of the Amended Complaint.

38. Deny the allegations set forth in paragraph 38 of the Amended Complaint.

39. Deny the allegations set forth in paragraph 39 of the Amended Complaint.

40. Deny the allegations set forth in paragraph 40 of the Amended Complaint.

41. Deny the allegations set forth in paragraph 41 of the Amended Complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Amended Complaint.

43. Deny the allegations set forth in paragraph 43 of the Amended Complaint.

44. Deny the allegations set forth in paragraph 44 of the Amended Complaint.

45. Deny the allegations set forth in paragraph 45 of the Amended Complaint.

46. Deny the allegations set forth in paragraph 46 of the Amended Complaint.

47. Deny the allegations set forth in paragraph 47 of the Amended Complaint.

48. Deny the allegations set forth in paragraph 48 of the Amended Complaint.

49. Deny the allegations set forth in paragraph 49 of the Amended Complaint.

50. Deny the allegations set forth in paragraph 50 of the Amended Complaint.

51. Deny the allegations set forth in paragraph 51 of the Amended Complaint.

52. Deny the allegations set forth in paragraph 52 of the Amended Complaint.

53. Deny the allegations set forth in paragraph 53 of the Amended Complaint.

54. Deny the allegations set forth in paragraph 54 of the Amended Complaint.

55. Deny the allegations set forth in paragraph 55 of the Amended Complaint.

56. Deny the allegations set forth in paragraph 56 of the Amended Complaint, except admit that Plaintiff purports to proceed as set forth therein.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's purported religious beliefs.

58. Deny the allegations set forth in paragraph 58 of the Amended Complaint, except admit that Plaintiff purports to proceed as set forth therein.

59. Deny the allegations set forth in paragraph 59 of the Amended Complaint, except admit that Plaintiff purports to proceed as set forth therein.

60. Deny the allegations set forth in paragraph 60 of the Amended Complaint.

61. Deny the allegations set forth in paragraph 61 of the Amended Complaint.

62. Deny the allegations set forth in paragraph 62 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's purported complaint to the CCRB.  Defendants note that Plaintiff purports

to reference "Exhibit CCRB Investigation," which does not appear to be annexed to the Amended Complaint.

63. Deny the allegations set forth in paragraph 63 of the Amended Complaint, except admit that Plaintiff purports to proceed as set forth therein.

64. Deny the allegations set forth in paragraph 64 of the Amended Complaint, except admit that Plaintiff purports to proceed as set forth therein.

65. Deny the allegations set forth in paragraph 65 of the Amended Complaint, except admit that Plaintiff purports to proceed as set forth therein. Defendants note that Plaintiff purports to reference "Exhibit Tactical Baton Certification," which does not appear to be annexed to the Amended Complaint.

66. Deny the allegations set forth in paragraph 66 of the Amended Complaint. Defendants note that Plaintiff purports to reference numerous exhibits through paragraph 66 which do not appear to be annexed to the Amended Complaint.

67. Deny the allegations set forth in paragraph 67 of the Amended Complaint.

68. Deny the allegations set forth in paragraph 68 of the Amended Complaint, except admit that the NYPD is an agency of the City of New York.

69. Deny the allegations set forth in paragraph 69 of the Amended Complaint, except admit that the CCRB and Corporation Counsel maintain separate offices at 100 Church Street in Manhattan.

70. Deny the allegations set forth in paragraph 70 of the Amended Complaint.

71. Deny the allegations set forth in paragraph 71 of the Amended Complaint, except admit that the CCRB and Corporation Counsel maintain separate offices at 100 Church

9

Street in Manhattan. Defendants note that Plaintiff purports to reference "Exhibit CCRB investigation" which does not appear to be annexed to the Amended Complaint.

72. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 72 of the Amended Complaint, except admit that the NYPD is an agency of the City of New York.

73. Deny the allegations set forth in paragraph 73 of the Amended Complaint.

74. Deny the allegations set forth in paragraph 74 of the Amended Complaint. Defendants note that Plaintiff purports to reference "Exhibit SGT Paulson Statement" which does not appear to be annexed to the Amended Complaint.

75. Deny the allegations set forth in paragraph 75 of the Amended Complaint.

76. Deny the allegations set forth in paragraph 76 of the Amended Complaint.

77. Deny the allegations set forth in paragraph 77 of the Amended Complaint. Defendants note that Plaintiff purports to reference "Exhibit CCRB Investigation" which does not appear to be annexed to the Amended Complaint.

78. Deny the allegations set forth in paragraph 78 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported incident on "Franklyn Ave and Fulton St."

79. Deny the allegations set forth in paragraph 79 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the "DHS employee."

80. Deny the allegations set forth in paragraph 80 of the Amended Complaint.

81. Deny the allegations set forth in paragraph 81 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the "division of Human rights," "HUD," and the "DHS…position statement."

82. Deny the allegations set forth in paragraph 82 of the Amended Complaint. Defendants note that Plaintiff purports to reference "Exhibit CCRB Investigation" which does not appear to be annexed to the Amended Complaint.

83. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 83 of the Amended Complaint.

84. Paragraph 84 of the Amended Complaint purports to be a quotation from "The Hadith of Prophet Muhammad," which does not set forth factual allegations and therefore does not require a response.

85. Paragraph 85 of the Amended Complaint does not set forth factual allegations and therefore does not require a response.

86. Deny the allegations set forth in paragraph 86 of the Amended Complaint. Defendants note that Plaintiff purports to reference "Exhibit CCRB NYPD Investigation" which does not appear to be annexed to the Amended Complaint.

87. Deny the allegations set forth in paragraph 87 of the Amended Complaint.

88. Deny the allegations set forth in paragraph 88 of the Amended Complaint.

89. Deny the allegations set forth in paragraph 89 of the Amended Complaint.

e. **Pages 30 through 32 of the Amended Complaint**

Pages 30 through 32 of the Amended Complaint appear to be screen shots of text messages to which no response is required.

f. **Pages 33 through 39 of the Amended Complaint**

Deny the allegations set forth in Part V ("Administrative Procedures") of the Amended Complaint, except admit that Plaintiff filed a Charge of Discrimination with the EEOC, EEOC Charge No. 520-2022-04761, dated July 28, 2022.

Deny the allegations set forth in Part VI ("Relief") appearing on pages 33 through 37 of the Amended Complaint, except admit that Plaintiff purports to proceed as set forth therein.

### AS AND FOR A FIRST DEFENSE

90. The Amended Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND DEFENSE

91. The Amended Complaint is barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

92. The Amended Complaint may be barred, in whole or in part, by Plaintiff's failure to perform all conditions precedent to suit, or to exhaust all administrative remedies, or both.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

93. At all times relevant to the Amended Complaint, Defendants acted lawfully and without malice, in accord with the Constitution and all applicable laws and regulations of the United States and the State and City of New York.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

94. Defendants had legitimate, non-discriminatory, and non-retaliatory business reasons for taking any of the alleged acts complained of by Plaintiff.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

95. The conduct complained of may consist of nothing more than what a reasonable person would consider petty slights and trivial inconveniences.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

96. Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by the City of New York and H+H to their employees or to otherwise avoid harm.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

97. To the extent any misconduct was reported, Defendants exercised reasonable care to prevent and/or promptly correct such conduct.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

98. Defendants established and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices by employees, of which plaintiff failed to avail herself.

**WHEREFORE,** Defendants the City of New York and H+H respectfully request that this Court enter an order dismissing the Amended Complaint and denying all relief requested therein, together with such other and further relief as the Court deems to be just and proper.

Dated:   New York, New York
         March 31, 2025

                                                **MURIEL GOODE-TRUFANT**
Corporation Counsel of the City of New York
Attorney for Defendants H+H and City of New York
100 Church Street, 2nd Floor
New York, New York 10007-2601
(212) 356-2203

By:         /s/        
      Rodalton J. Poole
      Assistant Corporation Counsel

TO:   Erica Febrianti (via ECF)