UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Erica Febrianti,<br><br>         **Plaintiff,**<br><br>  -against-<br><br>NYC Health & Hospitals and City of New York,<br><br>         **Defendants.** | 1:23-cv-06175 (JLR) (SDA)<br><br>**REPORT AND RECOMMENDATION** |

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

**TO THE HONORABLE JENNIFER L. ROCHON, UNITED STATES DISTRICT JUDGE:**

For the reasons set forth below, I respectfully recommend that this action be DISMISSED WITHOUT PREJUDICE for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

**PROCEDURAL HISTORY**

On July 18, 2023, Plaintiff commenced this action against Defendant New York City Health and Hospitals Corporation, d/b/a NYC Health + Hospitals ("NYCHH"). (Compl., ECF No. 1.) On December 14, 2023, NYCHH filed an Answer to the Complaint. (NYCHH Ans., ECF No. 16.)

On January 10, 2025, Plaintiff filed an Amended Complaint, adding the New York City Police Department ("NYPD") as a defendant.[1] (First Am. Compl., ECF No. 67.) On January 17, 2025, Plaintiff's claims against the NYPD were dismissed because the NYPD lacks independent legal existence from the City of New York (the "City") and therefore is not a suable entity. (1/17/25

---

[1] The Court had stricken the Amended Complaint, based upon Plaintiff's representation at a conference held on January 10, 2025 that she did not wish to pursue claims against the NYPD. (1/10/25 Order, ECF No. 64.) Thereafter, based upon a letter from Plaintiff dated January 10, 2025, but docketed on January 14, 2025 (Pl.'s 1/10/25 Ltr., ECF No. 169), the Court reinstated the Amended Complaint. (1/15/25 Order, ECF No. 70.)

Order, ECF No. 72, at 2.) However, the Court substituted the City as a defendant in place of the NYPD. (*Id*. at 3.) On January 19, 2025, Plaintiff filed an updated version of her Amended Complaint, which the Court refers to herein as the Second Amended Complaint. (Second Am. Compl., ECF No. 77.)

On January 21, 2025, the undersigned denied Plaintiff's request for his recusal. (1/21/25 Op. & Order, ECF No. 75.) On January 24, 2025, District Judge Rochon overruled Plaintiff's objections to the January 21, 2025 Order.[2] (1/24/25 Op. & Order, ECF No. 80.)

On March 31, 2025, NYCHH filed an Answer to the Second Amended Complaint. (NYHH Ans. to Second Am. Compl., ECF No. 89.) On April 1, 2025, the Court scheduled an in-person conference to be held on April 30, 2025. (4/1/25 Order, ECF No. 91.) On April 23, 2025, the City filed a motion to dismiss the claims that Plaintiff had asserted against the NYPD. (City 4/23/25 Not. of Mot., ECF No. 93.) Also on April 23, 2025, counsel for NYCHH filed a proposed Case Management Plan. (Case Mgt. Plan, ECF No. 95.) In the proposed Plan, counsel for NYCHH stated that he had "made attempts to reach Plaintiff by phone and by email on April 23, 2025" but that "Plaintiff could not be reached and did not participate in the filing of th[e] proposed case management plan." (*Id*. at 4.)

The Court held an in-person conference on April 30, 2025, at which counsel for NYCHH and the City appeared, but Plaintiff failed to appear. (4/30/25 Tr., ECF No. 98.) In the Order following the conference, dated April 30, 2025, the Court directed Plaintiff to file her opposition

---

[2] Plaintiff's appeal from the January 24, 2025 Order (*see* 2/21/25 Not. of Appeal, ECF No. 83) was dismissed by the U.S. Court of Appeals for the Second Circuit. (*See* 7/2/25 Mandate, ECF No. 106.)

to the City's motion to dismiss no later than May 30, 2025. (*See* 4/30/25 Order, ECF No. 96, ¶ 1.)

The April 30, 2025 Order also stated:

> Plaintiff is reminded that it is her responsibility to comply with Court Orders, including Orders to appear for Court conferences, and "diligently prosecute h[er] case." *Murray v. Bouck*, No. 19-CV-00317 (MKV), 2020 WL 6381935, at *3 (S.D.N.Y. Oct. 30, 2020). Failure to do so may result in the imposition of sanctions up to an including a recommendation to the District Judge that her case be dismissed for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

(*Id*. ¶ 5.)[3] Also on April 30, 2025, the Court entered a Case Management Plan calling for discovery with respect to Plaintiff's claims against NYCHH to be completed by August 29, 2025. (4/30/25 Case Mgt. Plan, ECF No. 97, at 1.)

Plaintiff failed to file an opposition to the City's motion to dismiss by the May 30, 2025 deadline, so the Court entered an Order on June 6, 2025 extending the deadline for Plaintiff to oppose the motion until June 27, 2025. (6/6/25 Order, ECF No. 102.) As of the date of this Report and Recommendation, Plaintiff has failed to respond to the City's motion to dismiss.

On June 30, 2025, counsel for NYCHH filed a Letter Motion requesting an extension of the discovery deadlines. (NYCHH 6/30/25 Ltr. Mot., ECF No. 104.) In the Letter Motion, NYCHH's counsel states that he unsuccessfully attempted to contact Plaintiff by phone and email on June 26, 27, and 30, 2025, and that he had had no contact with her. (*Id*. at 1 & n.1.)

By Order, dated July 1, 2025, the Court scheduled an in-person conference for July 21, 2025 to address NYCHH's Letter Motion for an extension of the discovery deadlines. (7/1/25 Order, ECF No. 105.) The Order stated:

---

[3] Plaintiff consented to electronic service (*see* Consent, ECF No. 4), such that Plaintiff received electronic notice of the April 30, 2025 Order (as well as subsequent Orders). In addition, a copy of the Order was mailed to an address that Plaintiff had provided in connection with her Second Circuit appeal. (*See* 4/30/25 Order at p. 2.)

> Plaintiff is reminded that she must appear for the conference and that it is her responsibility to 'diligently prosecute h[er] case.'" *Murray v. Bouck*, No. 19-CV-00317 (MKV), 2020 WL 6381935, at *3 (S.D.N.Y. Oct. 30, 2020). Failure to do so may result in the imposition of sanctions up to an including a recommendation to the District Judge that her case be dismissed for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

(*Id.*)[4]

The Court held an in-person a conference on July 21, 2025, at counsel for NYCHH appeared, but Plaintiff once again failed to appear.

## **LEGAL STANDARDS**

Federal Rule of Civil Procedure 41(b) states that a defendant may move to dismiss an action or any claim against it "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). However, the United States Supreme Court has determined that the language of Rule 41 does not restrict the Court's power to act on its own and dismiss an action absent a motion. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962); *see also Harding v. Goode*, 135 F. App'x 488, 488 (2d Cir. 2005) ("Although not explicitly authorized by Rule 41(b), a court may dismiss a claim for failure to prosecute *sua sponte*.") (citation omitted); *White v. Westchester Cty.*, No. 19-CV-03604 (KMK), 2020 WL 7323422, at *1 (S.D.N.Y. Dec. 11, 2020) ("it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte.") (citation omitted). Unless the dismissal order states otherwise, a dismissal under Rule 41(b) "operates as an adjudication upon the merits." *Link*, 370 U.S. at 630.

While "[d]istrict courts have discretion to effect dismissal pursuant to Rule 41(b)[,]" *Virola v. Entire GRVC Dep't of Mental Health Hygiene Servs.*, No. 12-CV-01005 (ER), 2014 WL 793082, at

---

[4] A copy of the July 1, 2025 Order also was mailed to the address that Plaintiff had provided in connection with her Second Circuit appeal. (*See* 7/1/25 Order.)

4

\*2 (S.D.N.Y. Feb. 21, 2014) (citing cases), "[t]he Second Circuit has cautioned . . . that [such discretion] should be exercised sparingly and only when the district judge is 'sure of the impotence of lesser sanctions.'" *Id.* (quoting *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 665 (2d Cir. 1980)); *see also Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009). In considering whether to dismiss a case under Rule 41, courts consider five factors: (1) the duration of plaintiff's failure to comply with court orders; (2) notice to plaintiff that failure to comply would result in dismissal; (3) possible prejudice to defendants from further delay; (4) the balance between the interest of managing the court's docket and the plaintiff's right to be heard; and (5) consideration of lesser sanctions. *See Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193-94 (2d Cir. 1999). None of these factors independently is dispositive, and the Court reviews the dismissal in light of the record as a whole. *See Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

**DISCUSSION**

Viewing the record as a whole, the Court finds that dismissal without prejudice is appropriate. As to the first factor, Plaintiff has made no filings in this action, or otherwise communicated with the Court, since filing her unsuccessful notice of appeal on February 21, 2025. Plaintiff was warned in a written Order on April 30, 2025, that she needed to diligently prosecute her case, but she has not done so. In addition, she has failed to appear at two court conferences, in violation of Orders, dated April 1, 2025 and July 1, 2025, without making any effort to contact the Court. The Second Circuit has held that failure to prosecute, as here, for a "matter of months" may be sufficient to warrant dismissal. *See Yadav v. Brookhaven Nat'l Lab.*, 487 F. App'x 671, 673 (2d Cir. 2012) (affirming dismissal where plaintiff failed to comply with court orders for three months); *see also Campbell v. City of New York*, No. 21-CV-04056 (JLR),

5

2023 WL 2561510, at *2 (S.D.N.Y. Mar. 17, 2023) (lack of communication for over three and a half months weighed in favor of dismissal) (citing cases); *Seth v. City of New York*, No. 19-CV-01960 (AJN) (SDA), 2019 WL 7493587, at *3 (S.D.N.Y. Dec. 9, 2019), *report and recommendation adopted*, 2020 WL 71021 (S.D.N.Y. Jan. 6, 2020) (dismissal warranted based on four months of silence); *Chavis v. City of New York*, 17-CV-09518, 2018 WL 6532865, at *3 (S.D.N.Y. Oct. 12, 2018) (four-month delay weighed in favor of dismissal), *report and recommendation adopted*, 2018 WL 6528238 (S.D.N.Y. Dec. 11, 2018). Accordingly, the first factor weighs in favor of dismissal.

Regarding the second factor, the Court gave Plaintiff notice in two separate Orders that the Court would recommend dismissal if she failed to comply. Such "plainly worded warnings" adequately put Plaintiff on notice. *See Lindsay v. Newrez LLC*, No. 24-CV-08072 (JLR), 2025 WL 1369257, at *2 (S.D.N.Y. May 9, 2025). Thus, the second fact also weighs in favor of dismissal.

The Court finds that the third factor is neutral. "When a plaintiff's delay is 'lengthy and inexcusable,'" prejudice can be presumed. *Bar-Levy v. Gerow*, No. 18-CV-09454 (PMH), 2020 WL 7774297, at *3 (S.D.N.Y. Dec. 30, 2020); *see also Cano v. City of New York*, No. 22-CV-10557 (JLR) (OTW), 2025 WL 1898251, at *2 (S.D.N.Y. July 9, 2025) (some prejudice presumed when plaintiff "inaccessible for months"). However, there is no evidence in the record that the delay in this case has "caused any particular, or specially burdensome, prejudice" to Defendants "beyond the delay itself." *See LeSane*, 239 F.3d at 210; *see also Lindsay*, 2025 WL 1369257, at *3 (finding third factor neutral when delay was approaching six months).

The fourth factor favors dismissal because Plaintiff has had ample time to participate and to be heard by the Court, but has not pursued this case. *See Cayetano v. City of New York*, No. 13-CV-01861 (LAK) (JLC), 2013 WL 6097567, at *2 (S.D.N.Y. Nov. 20, 2013), *report and*

*recommendation adopted*, 2015 WL 5514324 (S.D.N.Y. Sept. 17, 2015) (citing *Hibbert v. Apfel*, No. 99-CV-04246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000) ("It is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts.")). However, because Plaintiff's delay has not impacted the trial calendar, the Court finds that this factor supports dismissal without prejudice, as opposed to adjudication on the merits. *See Virola*, 2014 WL 793082, at *3 (citing *Thrall v. Cent. New York Reg'l Transp. Auth.*, 399 F. App'x 663, 666 (2d Cir. 2010)).

Finally, the Court finds that the fifth factor weighs in favor of dismissal, rather than lesser sanctions, because the case cannot proceed without Plaintiff's participation. "Although *pro se* plaintiffs are held to a lesser standard with regard to interpreting the law, they are held to the same standard for complying with deadlines and checking the docket sheet." *Capogrosso v. Troyetsky*, No. 14-CV-00381 (KNF), 2015 WL 4393330, at *5 (S.D.N.Y. July 17, 2015). In addition, where, as here, the plaintiff is unable to be contacted, "[c]ourts consistently find that dismissal is the only adequate remedy for failure to prosecute . . . because the plaintiff would be unaware of any lesser sanction that could be imposed." *Caussade v. United States*, 293 F.R.D. 625, 631 (S.D.N.Y. 2013) (citing cases).

After weighing all of the factors, the Court finds that dismissal for failure to prosecute is appropriate in this action. However, due to Plaintiff's *pro se* status," the Court recommends that Plaintiff's claims be dismissed without prejudice. *See Virola*, 2014 WL 793082, at *3 (citing *Lyell Theatre Corp.*, 682 F.2d at 43 (when imposed, the sanction of dismissal under Rule 41(b) "operates as an adjudication upon the merits, but may be without prejudice if so specified by the court imposing it" (citation and quotation marks omitted)); *Lucas v. Miles*, 84 F.3d 532, 535 (2d

Cir. 1996) (Rule 41(b) dismissal with prejudice to be used with caution because "*pro se* plaintiffs should be granted special leniency regarding procedural matters")); *see also Campbell*, 2023 WL 2561510, at *2 (finding dismissal without prejudice "a less harsh, and more appropriate sanction" in light of, *inter alia*, plaintiff's *pro se* status).

## CONCLUSION

For the foregoing reasons, I respectfully recommend that this action be DISMISSED WITHOUT PREJUDICE.

**SO ORDERED.**

Dated:   New York, New York
         August 1, 2025

_____
STEWART D. AARON
United States Magistrate Judge

\*       \*       \*

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Rochon.

**THE FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn,* 474 U.S. 140 (1985).