UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERICA FEBRIANTI,<br><br>       Plaintiff,<br><br>-against-<br><br>NYC HEALTH AND HOSPITALS and CITY OF NEW YORK,<br><br>       Defendants. | Case No. 1:23-cv-06175 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  Plaintiff Erica Febrianti ("Febrianti" or "Plaintiff") brings this action against Defendants NYC Health and Hospitals and City of New York, alleging claims of religious, gender, pregnancy and age discrimination; retaliation; failure to hire; and failure to accommodate under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, and New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* On January 2, 2025, the Court referred this case to Magistrate Judge Aaron for general pre-trial and dispositive motions. Dkt. 61. On April 23, 2025, the City filed a motion to dismiss the claims that Plaintiff had asserted against the NYPD. Dkt. 93. Plaintiff failed to oppose the motion to dismiss. On August 1, 2025, Magistrate Judge Aaron issued a Report and Recommendation ("R&R"), recommending that the case be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for a failure to prosecute. *See generally* Dkt. 111.

  With respect to dispositive motions, a district court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3). A district court must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P.

1

72(b)(3).  To accept "uncontested portions of a report and recommendation, 'a district court need only satisfy itself that there is no clear error on the face of the record.'"  *Lopez v. 2100 2nd Ave. LLC*, No. 1:24-cv-01375 (JLR), 2024 WL 4894345, at *1 (S.D.N.Y. Nov. 25, 2024) (quoting *Qlay Co. v. Owen*, No. 21-cv-01784 (JLR), 2024 WL 4769718, at *1 (S.D.N.Y. Nov. 13, 2024)).  "A decision is 'clearly erroneous' when the reviewing Court is left with the definite and firm conviction that a mistake has been committed."  *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14-cv-04394 (AJN), 2018 WL 1750595, at *21 (S.D.N.Y. Apr. 11, 2018) (quoting *Courtney v. Colvin*, No. 13-cv-02884 (AJN), 2014 WL 129051, at *1 (S.D.N.Y. Jan. 14, 2024)).

Here, the R&R advised Plaintiff that she had fourteen days from the service of the R&R to file any objection and warned that failure to timely file such objection would result in waiver of any right to raise objections to the R&R on appeal.  R&R at 8-9.  The R&R also cited 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), under which parties have fourteen days from service of the R&R to file written objections.  *Id.*  That time has expired, and no objections have been filed.  Accordingly, Plaintiff has waived her right to object to the R&R or to obtain appellate review.  *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992 ("Failure to object timely to a report waives any further judicial review of the report.")

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the Court has reviewed the R&R for clear error.  The Court finds that the report is comprehensive and clear from error, and therefore adopts the R&R's recommendation in its entirety.  *See Qlay*, 2024 WL 4769718, at *1; *Ramos v. CJ Contractor Servs., Inc.*, No. 23-cv-00274 (JLR), 2024 WL 3952643, at *1 (S.D.N.Y. Aug. 27, 2024).  The case is therefore dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for a failure to prosecute.

The Clerk of Court is respectfully directed to close the case.

Dated: August 20, 2025
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge

3